IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01604-KLM

COVENANT AVIATION SECURITY, LLC

    Plaintiff,

v.

HSS INC. and
MICHAEL LANAM

    Defendants.

---

## PROTECTIVE ORDER

*KLM*

---

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action would be warranted, except as permitted below.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

### 2.    DEFINITIONS

2.1    Party: any Party to this action, including all of its officers, directors, employees, contractors, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or otherwise in the prosecution or defense of this matter.

2.3     "Confidential" Information or Items: non-public materials (regardless of how generated, stored or maintained) or tangible things containing sensitive commercial, financial or technical information that the Producing Party believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.  Materials designated as "Confidential" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(h).  Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "confidential" information.

**2.4**     "Highly Confidential" Information or Items: non-public materials that contain or disclose (i) current cost and pricing information, including but not limited to employee benefit costs; (ii) specifics of financial or business plans or strategies; (iii) internal competitive assessments; and (iii) proposed, pending, contemplated, or otherwise undisclosed commercial transactions or other proposed, pending, contemplated, or non-public business ventures or combinations, including but not limited to aviation security proposals, bids and technical plans.  Materials designated as "Highly Confidential" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(g) below.  Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "highly confidential" information.  [Plaintiff End paragraph here.]     *KLM*

KLM

[Defendants—Add the following language: "Highly Confidential" material shall be retained at the offices of the Receiving Party's outside counsel who have entered an appearance in this lawsuit (Lewis & Gellen LLP for plaintiff; Husch Blackwell for defendant HSS, Inc.; and Sherman & Howard L.L.C. for defendant Michael Lanam). Copies may be shown, but not be distributed or transmitted to any persons described in 7.2(h).]

2.5     "Protected Material": Confidential Information or Items and Highly Confidential-Information or Items as well as copies thereof disclosed or produced by any Party in this litigation (or by any third-party or non-party). Protected Materials shall not include: (a) advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any governmental entity or airport authority without request for confidential treatment and are not exempt from disclosure under applicable law or have been properly disclosed under a Freedom of Information Act or other open records request.

2.6     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.7     Producing Party: a Party or non-party that produces Disclosure or Discovery Material to a Receiving Party in this action.

2.8     Designating Party: a Producing Party that designates Disclosures or Discovery Material as "Confidential" or "Highly Confidential."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In-House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or specially employed by a Party or its counsel to serve as an expert witness or as a consultant in this action.   However, nothing in this Order precludes any employee of a Party from being designated as or providing expert testimony in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and persons or entities that provide jury or trial consulting services and/or independent contractors and/or their employees and subcontractors hired to assist them.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

4.    DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.     A Designating Party must take care to limit any designation of information or items to specific material that qualifies under the standards set forth above, so that other materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order.   Mass or indiscriminate designations are prohibited.   If a Designating Party discovers that information or items that it designated for protection under this Order do not qualify for protection as set forth herein, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or revising the mistaken designation.

5.2     Manner and Timing of Designations.   Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)       for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material.   A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which materials qualify for protection under this Order, then, before producing the specified materials, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Protected Material;

(b)  for testimony given in pretrial proceedings (including depositions), that the Party or non-party offering or sponsoring the testimony should identify on the record, before the close of the hearing or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL." Notwithstanding the foregoing, all testimony in a deposition shall be automatically treated by the Parties as "HIGHLY CONFIDENTIAL" for up to thirty (30) days after receipt of the official transcript. A Party or non-party that sponsors, offers, or gives the testimony has up to thirty (30) days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within thirty (30) days after receipt of the official transcript shall be covered by the provisions of this Order. If the pendency or a dispositive motion or other deadline render impracticable for a Receiving Party to wait for the expiration of the thirty (30) day period, a Party or non-party that sponsors, offers or gives the testimony shall make their designation as soon as reasonably practicable after receipt of the official transcript. Transcripts containing Protected Material must have affixed by the court reporter or the Designating Party to the top of the transcript the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(c)  for documents produced electronically in native format, that the Producing Party either: (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL") in a clear, distinctive manner to any document containing Protected Material; or (2) affix in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the exterior of any CD, DVD, Flash Drive, Hard Drive or any other media containing Protected Material; provided that nothing herein should be deemed as an admission by any Party that documents produced in this Action must be produced in native format; and

(d)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance herewith does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Inadvertent Production of Privileged Material.  Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges during discovery in this matter, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have

7

waived any rights by such inadvertent disclosure. If the Producing Party claims in writing that identified material was inadvertently disclosed, the Receiving Party shall immediately return to counsel for the Producing Party any and all copies of the identified material and thereafter refrain from any use whatsoever of the identified material. The provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference and nothing herein is intended to limit the applicability of Rule 26(b)(5) to information disclosed during discovery in this matter. Nothing herein shall prevent the Receiving Party from contending that privilege was waived for reasons other than the mere inadvertent production thereof.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Unless a prompt challenge to a Designating Party's designation under this Order is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.    A Party that elects to initiate a challenge to a Designating Party's designation under this Order must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

*pursuant to MJ Mix's discovery procedure.*
*KLM*

6.3     Judicial Intervention. A Party that elects to challenge a designation, after considering the justification offered by the Designating Party, may raise the issue with the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's challenged designation.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  Subject to paragraph 7.2, a Receiving Party shall only use Discovery Material, including Protected Material, for purposes of prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 11, below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.  Notwithstanding any other provisions of this Order, under no circumstances shall any Protected Material or any information contained therein be used by any Receiving Party or Counsel in the preparation or prosecution of any patent applications or other proceedings before the U.S. Patent and Trademark Office or for competitive purposes on behalf of a Receiving Party.

7.2     Disclosure of Protected Materials.   Protected Materials and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure), subject to Paragraphs 2.3, 2.4, and 7.3, only to the following persons ("Qualified Persons") according to the terms of this Order:

(a)     Outside Counsel (both Outside Counsel of record, other Outside Counsel) of a Receiving Party who are substantially engaged in the prosecution or defense of this action, including attorneys associated with Outside Counsel of record, and regular and temporary employees and support staff of such Outside Counsel of record, other Outside Counsel. Protected Materials may also be shown or disclosed to and used by Outside Counsel of a Receiving Party who are substantially engaged in the prosecution or defense of any of the following lawsuits, *CAS v. Janine Morris*, No. 13-cv-02498, *CAS v. Gerald Berry*, No. 13-cv-04371, both of which are pending in the U.S. District Court for the Northern District of Illinois, and *CAS v. Cummins et al.*, No. 14-cv-1664, which is pending in the U.S. District Court for the Middle District of Florida, Orlando Division (collectively, the "Related Actions"), so long as Outside Counsel in the Related Actions agrees to be bound by the terms of this Protective Order or is subject to another protective order in the Related Action that provides no less protection to the Producing Party than this Protective Order and any Party to this action has a right to be heard under the protective order in the Related Action. Before disclosing Protected Material, the Party making such disclosure must notify the Producing Party and provide a reasonable opportunity for the Producing Party to object to such disclosure. In the event of an objection, the Protected Materials will not be disclosed unless and until a Court orders such disclosure of the objection is resolved to the Producing Party's satisfaction.

(b)     Professional Vendors that assist Counsel in the prosecution or defense of this action or any Related Action, such as outside contractors and document discovery services hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services, and who

10

have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(c)     Experts, whether testifying or not, including their support staff and associates, only to the extent necessary for such an Expert to prepare a written report or opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this action or any Related Action, and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A and who have submitted the additional information required pursuant to, and complied with the procedures set forth in, Paragraph 7.5 prior to the first disclosure of Protected Materials to the Expert;

(d)     the Court and its staff, or a Special Master appointed by the Court and its staff, in this action or any Related Action;

(e)     court reporters and videographers employed by the Court or the parties to record or transcribe testimony (in deposition or in court) or any other proceedings in this action or any Related Action;

(f)     the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business;

(g)     those other persons expressly authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party, prior to disclosure to such persons, provided however that any person qualified under this provision may only review the Protected Material of the Designating Party that has expressly provided such authorization.

(h)     [Plaintiff] ~~up to four employees of the Receiving Party (or in the case of an~~  ~~individual Receiving Party, the Receiving Party himself), who have executed the Acknowledgment~~

~~and Agreement to be Bound in the form annexed hereto as Exhibit A, and has been designated~~ in writing by such Receiving Party to all other Parties ~~following~~ the entry of this Stipulated Protective Order; provided, however, that such employee(s) are actively involved in the prosecution, management and/or disposition of this this action or any Related Action.

**[Defendants]** subject to the final sentence of this subparagraph, up to four employees of the Receiving Party (or in the case of an individual Receiving Party, the Receiving Party himself), who has executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A, and has been designated in writing by such Receiving Party to all other Parties following the entry of this Stipulated Protective Order; provided, however, that such employee(s) are actively involved in the prosecution, management and/or disposition of this this action or any Related Action. Material designated as "Highly Confidential" may only be shown to one employee of the Receiving Party (or in the case of an individual Receiving Party, the Receiving Party himself).

7.3     Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons. Information designated as Highly Confidential- shall not be disclosed or made available to persons other than Qualified Persons described in Paragraphs 7.2(a) through **[Plaintiff] 7.2(g) [Defendants]**7.2(h) above.

7.4     Before Protected Material may be disclosed to a person identified as an Expert as provided in subparagraph 7.2(d), the Party retaining the person shall provide written notice of the intended disclosure. The notice shall be made by serving on counsel of record an executed Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A, along with a written statement setting forth that person's past or present association with any Party, and a curriculum vitae which includes a list of publications and a list of the person's clients in any ongoing

consultations and any consultations within the last five (5) years. No Protected Material shall be disclosed to such person until after the expiration of five (5) business days, commencing with the service of said notice by facsimile or electronic mail ("e-mail") upon counsel of record for the Producing Party. If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, it may object to such disclosure within five (5) business days after receipt of the notice. Objections must be made in writing and state with particularity the basis for the objection. In the event of an objection, the Parties shall promptly confer to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to the disclosure may within five (5) business days of the conferral, request that the Court issue an Order barring the disclosure. *The request must be made pursuant to MJ M's discovery procedures.* The objecting Party shall have the burden of showing why that person should not have access to Protected Material. Pending resolution of any such motion, no disclosure of Protected Material shall be made to that person. The Court may impose restrictions as it deems appropriate on such disclosure as a condition of issuing its Order.

7.5     To the extent a designated individual to whom Protected Material may be disclosed is or may be a non-testifying Expert, such non-testifying Expert will not be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she is a non-testifying Expert. No provision of this Protective Order is intended to preclude the deposition or trial testimony of any individual whom a Party believes in good faith has pre-existing independent information or knowledge of facts relevant to this case about such information or knowledge.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

13

If a Receiving Party is served with a request for production, subpoena or an order issued in other litigation (including any Related Action) that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must immediately notify the Designating Party in writing (by fax or email attachment, if possible) of such request for production, subpoena or order.  Such notification must include a copy of the request for production, subpoena or court order.  The Receiving Party also must immediately inform in writing the person or entity that caused the request for production, subpoena or order to issue in the other litigation that some or all the material covered by the request for production, subpoena or order is the subject of this Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the request for production, subpoena or order issued.  Should the Designating Party choose to limit such production, the Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL

All Protected Material, or quotations therefrom, included in papers filed with or otherwise disclosed to the Court in oral argument or hearing, shall be filed with or disclosed to the Court pursuant to D.C.COLO.LCivR 7.2. Unless the Court denies the request for sealed filing or disclosure, such papers or transcripts of oral argument or hearing shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Order.

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final dismissal or other conclusion of this Action ("Termination of Action") with respect to a Producing Party ("Dismissed Party"), including but not limited to dismissal with prejudice, each Receiving Party must return all Protected Material to the Dismissed Party any Protected Material produced by said Dismissed Party or destroy such Protected Material, and the Dismissed Party must return to any Producing Party its Protected Material or destroy said material. If a Producing Party is removed from this Action, it shall be treated as a Dismissed Party by any Receiving Party that is not also a party to the transferred action. The requirement to return or destroy Protected Material applies also to all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Dismissed Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that affirms that all

Protected Material in the Receiving Party's possession or control has been returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Likewise, whether the Protected Material is returned or destroyed, the Dismissed Party must submit a written certification to each Producing Party by the sixty (60) day deadline that affirms that all Protected Material of the Producing Party in the Dismissed Party's possession or control has been returned or destroyed and that affirms that the Dismissed Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material of the Producing Party. All remaining Protected Material, including Protected Material from non-parties, must be returned or destroyed within sixty (60) days after the final termination of this action and written certification submitted to the Producing Party. Notwithstanding the foregoing requirements of this paragraph, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. For purposes of this Paragraph 11, "work product" shall be limited to documents and tangible things that: (i) are prepared in anticipation of litigation or for trial by or for Outside Counsel or its representative; and (ii) consist of or reflect an attorney's or its representative's mental impressions, conclusions, opinions, or legal theories concerning the action. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph 4.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any Protected Material.

12.3    Right to Seek Modification. By stipulating to entry of this Order, no Party waives the right to later petition the Court for modification of this Order.

12.4    Right to Request Injunction.  Each Party acknowledges that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If any person violates or threatens to violate the terms of this Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in such a situation any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

12.5    Ability to Advise Clients.  This Protective Order shall not bar attorneys from advising their clients with respect to this litigation.

DONE this 12ᵗ day of December 2014

Kristen L. Mix
United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ of _____

_____, declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court

for the District of Colorado in the case of _____. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt of

court. I solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order. I further agree to submit to the jurisdiction of the U.S. District Court

for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Name: _____

Date: _____